Scileppi, J. (dissenting).
Article 7-B (§ 252, subd. 1) of the Personal Property Law provides in relevant part that ‘ ‘ any person who finds lost property of the value of ten dollars or more or comes into possession of property of the value of ten dollars or more with knowledge that it is lost property * * * shall, within ten days after the finding or acquisition of possession thereof, either return it to the owner or report such finding or acquisition of possession and deposit such property in a police station or police headquarters of the city where the finding occurred ”.
In the latter part of 1962 the appellants, Mr. and Mrs. Moraca, engaged Edward Hurley, the respondent herein, to remodel the basement of their home located in the City of Niagara Falls. While attempting to remove a pipe under a sink, Hurley found $4,990 in currency hidden behind a block on the floor of the cabinet enclosing the sink. The Moracas told Hurley that the money was not theirs and they had no idea how it had gotten there. Hurley then suggested and the Moracas agreed that for the purposes of safekeeping, Hurley should place the money in the safe at the Niagara Falls Air Force Base where Hurley was a full-time civilian employee.[1] Hurley, however, did not take *690 the money to the Base but rather took it home with him and sometime thereafter, apparently long after the 10-day statutory period had elapsed, unsuccessfully attempted to spend some of the money in a department store.
On cross-examination Hurley testified:
“ Q. Did somebody representing the store call the Police Department? A. Yes, ,sir.
“ Q. What did you tell the police officer in reference to this money? A. I didn’t tell him anything, sir. I asked him if I could contact my attorney.
“ Q. Did the police officer ask you where you got the money or found the money? A. Yes, he asked me where I got the money from.
“ Q. What did you tell the police officer? A. I told him at the time that I might have got it in change.
‘ ‘ The Court: May have got it in' change ?
“ The Witness: In change, cashing a check.
By Mr. Gellman:
" Q. You did not tell the police officer the truth, is that correct? A. I did not tell the police officer the truth, yes, sir.”
■Sometime thereafter, apparently in 1964, the appellants instituted an action against Hurley for conversion. It was not until after the Appellate Division unanimously affirmed the dismissal of the action as being premature (22 A D 2d 473) that the money in question was finally turned over to the proper authorities — more than two years after Hurley had found it.
The respondent argues that the mere failure to comply with the statute in no way affects the statutorily vested rights of the finder to the property. We do not agree; for even assuming, arguendo, that Hurley’s rights under the statute are superior to those of the Moracas, it is our opinion that Hurley’s failure to comply with the statutory provisions precludes him from asserting any rights under the statute which he so flagrantly disregarded.
While it is true that the statute does not expressly provide for defeating the rights of the finder by his failure to comply (although it does impose possible criminal punishment for willful noncompliance [§ 252, subd. 3]), it is inconceivable that the Legislature, in enacting article 7-B, ever intended such a strict application of the statute so as to bring about the offensive result reached by the majority. In a real sense the majority is *691 permitting a person who intentionally violates the criminal law to profit by his own wrong. This is manifestly repugnant to basic concepts of justice and common sense.
Surely the far better rule to follow and the one which would best bring about the policy of the statute to increase the likelihood of restoring the property to its true owner is to view the finder’s statutory rights in the property from the moment of acquision as being vested subject to being divested by his failure to, at the very least, substantially comply with the statute.
Of course, it is fundamental that one cannot establish title in himself merely by showing someone else to have no rights in the property. It is, therefore, evident that, based on the above discussion merely defeating Hurley’s rights to the property, we could not, without more, hold that the Moracas have title to the property in question.
It is our opinion, however, that even if we assume that compliance with the statute is not a prerequisite to obtaining rights thereunder, the Moracas’ rights are superior to Hurley’s under the statute.
Section 256 of article 7-B provides for certain exceptions to the general rule giving the first one to take physical possession of the property superior rights. Subdivision 2 of section 256 provides: “ 2. If the finder is an officer or employee of the state or of a public corporation and takes possession of the property in the course of his official duty, the state or public corporation shall be deemed to be the finder for the purposes of section two hundred fifty-four and section two hundred fifty-seven of this chapter. If, in any other case, the finder is cm employee under a duty to deliver the lost property to his employer, the employer shall have the rights of the finder as provided in section two hundred fifty-four if, before the property is delivered to the finder by the police, he shall file with the police having custody of the property a written notice asserting such rights.” (emphasis added).
While it is true that the trial court determined that Hurley was an independent contractor, we need not give the term “ employee ” as used in the statute such a restrictive reading so as to limit it to only those employees whose liability would be imputed to their employers. Bather the term should be construed broadly to encompass all persons engaged to perform tasks; and if in the course of performing those tasks, property *692 is found on the premises of the employer, the “ employee ” is under a duty to deliver it to his employer.
If we were to reach a contrary conclusion it would necessarily follow, e.g., that if A buys a used desk and hires B, a carpenter, to repair it, B would acquire superior rights, under the statute, to any valuables he might find in a compartment of the desk which had been placed there by a prior owner. Certainly such an unjust result should be avoided by placing the interpretation on the statute as we have evidenced above.
Accordingly, the order of the Appellate Division should be reversed and the judgment of Supreme Court, Niagara County, reinstated.
Order affirmed, etc.

. In order to supplement Ms income Hurley did part-time construction work similar to the work performed for the Moracas.